1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                       FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11  GREG SMITH,                                No.  2:14-cv-1832 CKD P
12              Plaintiff,
13       v.                                    ORDER
14  TIM HART, et al.,
15              Defendants.
16
17       Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.
18  § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This
19  proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).
20       Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §
21  1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.
22       Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§
23  1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the
24  initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.
25  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding
26  month's income credited to plaintiff's prison trust account.  These payments will be forwarded by
27  the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account
28  exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff asserts defendants violated plaintiff's Eighth Amendment rights by exposing him to a known carcinogen, Estragole, beginning in December 2006 after plaintiff was transferred to California State Prison, Solano. Plaintiff asserts that Estragole was an ingredient in the bar soap

/////

1  plaintiff was forced to use as an inmate.  Plaintiff was diagnosed with "squamous cell
2  carcinoma," a form of skin cancer, on the skin around his neck in August 2008.
3         The Eighth Amendment's prohibition of cruel and unusual punishment imposes on prison
4  officials, among other things, a duty to "take reasonable measures to guarantee the safety of the
5  inmates."  Farmer v. Brennan, 511 U.S. 825, 832 (1991) (quoting Hudson v. Palmer, 468 U.S.
6  517, 526-27 (1984)).  An inmate's Eighth Amendment rights can only be violated by a prison
7  official if that official exposes an inmate to a "substantial risk of serious harm," while displaying
8  "deliberate indifference" to that risk.  Id. at 834.
9         While plaintiff alleges Estragole is a known carcinogen, plaintiff fails to allege any facts
10 suggesting that his being exposed to Estragole through bar soap for approximately two years
11 presented a substantial risk of plaintiff contracting "squamous cell carcinoma," a form of skin
12 cancer primarily caused by ultraviolet radiation (like over-exposure to the sun).[1]  For this reason,
13 plaintiff's complaint fails to state a claim upon which relief can be granted.  Plaintiff's complaint
14 must be dismissed.  The court will, however, grant plaintiff leave to file an amended complaint to
15 attempt to cure the deficiencies in his claims.
16        If plaintiff elects to file an amended complaint, plaintiff is informed that the court cannot
17 refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule
18 220 requires that an amended complaint be complete in itself without reference to any prior
19 pleading.  This is because, as a general rule, an amended complaint supersedes the original
20 complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended
21 complaint, the original pleading no longer serves any function in the case.  Therefore, in an
22 amended complaint, as in an original complaint, each claim and the involvement of each
23 defendant must be sufficiently alleged.
24 /////
25 /////
26 /////
27
28 [1] See definition of "Squamous Cell Carcinoma" at mayoclinic.org.

3

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 6) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in dismissal.

Dated: October 10, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
smit1832.14